LOURIE, Circuit Judge,
dissenting in part.
I respectfully dissent from the majority’s decision to vacate and remand the district court’s dismissal of both the design patent claim and the Lanham Act § 43(a) claim in this case.
The district court dismissed the design patent count on the ground that the plaintiffs amended complaint failed to provide “any allegations to show what aspects of the Tote Towel merit design patent protection, or how each Defendant has infringed the protected patent claim.” Hall v. Bed Bath & Beyond Inc., No. 1:10-cv-04391-AKH, at 15-16 (S.D.N.Y. Dec. 29, 2010). The court stated, “Rather than plead in a coherent fashion, making clear how the facts support a particular theory of infringement as to a given Defendant, Plaintiff has conflated all his facts, pleading without making any distinctions of any kind. This ambiguity in pleading is unacceptable.” Id. at 16. The court further stated:
What is it about Plaintiffs towel that he claims is ‘new, original and ornamental,’ meriting the protection of a design patent? What aspects of the '439 Patent does the West Point Home Towel in *1374 fringe? How does the West Point Home Towel infringe these aspects? And how have Defendants ... infringed, contributed to infringement, or otherwise offended a provision of the patent laws? Without allegations clarifying these material propositions, the complaint is deficient under Federal Rule 8.”
Id. at 16 (internal citations omitted). It is true that much of the above statements relate to validity rather than infringement, which is what the Amended Complaint alleged. And the court seemed to focus on particular aspects of the claimed design rather than the design as a whole, which is what our Egyptian Goddess decision held was the aspect of a design patent that should be the focus of an infringement inquiry. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed.Cir.2008) (en banc),
But the overall design of a design patent consists of the particular aspects of the design, and noting those aspects is not claim construction. How else does one describe a design except to note the characteristic aspects of the design? Thus, I regard the district court’s analysis as not sufficiently faulty to justify vacation of its dismissal.
Moreover, and most important, the district court invited the plaintiff to replead its patent count, and the plaintiff declined to do so. Any deficiencies in the court’s conception of the law of design patents and inadvertent concern with validity were precisely what the invitation to replead could have remedied. Failure to do so is tantamount to a waiver of any flaws in the court’s decision. The court in effect said, “show me where I’m wrong.” The plaintiff failed to take advantage of that opportunity. Under the circumstances, I see no reason to reverse the district court. The judicial system encourages correction of errors when made, and plaintiff should have paid the penalty for declining that opportunity.
In addition, I also believe that the statement appearing on the accused towel’s packaging—that it has “performance that lasts the useful lifetime of the towel”—is mere puffery, a subjective claim that cannot be proven true or false and is thus not actionable under the Lanham Act. See Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 159-60 (2d Cir.2007). Indeed, such a statement is an untestable tautology: the towel lasts as long as it lasts. Thus, I also see no reason to reverse the district court’s dismissal of the Lanham Act § 43(a) claim.